UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BECCA COCHRAN,
    Plaintiff,

v.                                      Case No.: 3:25cv243/TKW/ZCB

SECURITIES & EXCHANGE
COMMISSION,
    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, initiated this case by filing a civil rights complaint. (Docs. 1, 4). The Court informed Plaintiff of deficiencies in her initial complaint and instructed her to file an amended complaint. (Doc. 5). Plaintiff has now filed an amended complaint, but it also suffers from similar deficiencies. (Doc. 6).

Because Plaintiff is proceeding *in forma pauperis* (Doc. 4), the Court is statutorily required to review the amended complaint to determine whether this action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B). Having reviewed the amended complaint, the Court believes dismissal is warranted for failure

1

to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

## I.   Background

Plaintiff names the Securities and Exchange Commission ("SEC") as Defendant in this action. (Doc. 6 at 3). Plaintiff alleges that Defendant "has not abided by Title 15 U.S.C., Anti-trust laws, the Sherman Act, etc." (*Id.* at 4). Plaintiff states that Defendant "has not lawfully made companies adhere to the laws, nor pressed charges further than a settlement." (*Id.*).

Plaintiff further alleges that Defendant "has covered-up a monopoly." (*Id.* at 5). Plaintiff asserts that Defendant "has allowed these companies to be in cahoots with federal entities and it has effected [Plaintiff's] health directly." (*Id.*). Plaintiff states that Defendant "has allowed for insider trading to take place, under their watch." (*Id.*). Plaintiff alleges that Defendant "is allowing companies to file 'un-

---

[1] As previously mentioned, Plaintiff was given an opportunity to amend her complaint when a prior version was found deficient. (Doc. 5). Although Plaintiff has filed an amended complaint, it is also deficient. Thus, dismissal is warranted. *See generally Corsello v. Lincare, Inc.*, 428 F.3d 1008, 1014 (11th Cir. 2005) (stating that "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint").

audited" and "has allowed foreign companies to influence the United States." (*Id.*).

In the Statement of Claims section of the complaint form, Plaintiff states that her "First Amendment rights have been questioned for speaking out on this company (SEC). The U.S.C. has been violated numerous times by the SEC. Title 15, 18, Anti-trust laws, the Sherman Act." (*Id.* at 6).

For relief, Plaintiff asks for damages, an "injunction for the input and out put of money until further notice[,]" "an investigation[,]" "relief for american citizens; the weak, needy, poor, etc." (*Id.*).

## II.  Statutory Screening Standard

To survive dismissal at the screening phase, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). The plausibility standard is met only where the facts alleged enable "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Plausibility means "more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are merely

3

consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (internal quotation marks omitted).

The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 678 (internal quotation marks omitted). And "bare assertions" that "amount to nothing more than a formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Id.* at 681 (internal quotation marks omitted). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. Thus, "assertions devoid of further factual enhancement" fail to satisfy the pleading standard under Rule 8. *Id.* at 678.

### III.  Discussion

Plaintiff's brief, vague, and conclusory allegations are insufficient to plausibly allege a claim for relief against Defendant. *See Pedro v. Equifax, Inc.*, 868 F.3d 1275, 1279 (11th Cir. 2017) (holding that

"[c]onclusory allegations and legal conclusions are not sufficient" to state a plausible claim for relief). As the Supreme Court has made clear, a "plaintiff's obligation to provide the grounds of [her] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Yet that is all Plaintiff has provided in her amended complaint. Plaintiff's vague assertions of generalized illegality while providing no factual detail to support any of these allegations do not suffice. *See Iqbal*, 556 U.S. at 678 (stating that "naked assertions devoid of further factual enhancement" are not sufficient to satisfy the plausibility standard) (cleaned up).

In the Statement of Claims section, Plaintiff references her First Amendment rights being "questioned" but provides no facts about how her First Amendment rights were "questioned" or who from the SEC "questioned" them. (Doc. 6 at 6). Plaintiff further states that Titles 15 and 18 of the United States Code, the Sherman Act, and "Anti-trust laws" have been violated by Defendant. (*Id.*). Plaintiff, however, fails to point to any specific provision of these laws to support her allegations of illegality. And the allegations Plaintiff does provide in her amended

5

complaint are barebones, vague, and conclusory. Although *pro se* complaints are to be liberally construed, it is not the Court's role to "act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020). Nor is it the Court's role to "scrutinize [the plaintiff's] factual allegations and hypothesize as to what potential cause of action these facts might support." *Richardson v. Route 1, Inc.*, No. 8:12-cv-2888, 2013 WL 4055857, at *4 (M.D. Fla. Aug. 12, 2013).

## IV.   Conclusion

For the reasons above, it is respectfully **RECOMMENDED** that:

1. Plaintiff's amended complaint (Doc. 6) be **DISMISSED** for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. The Clerk of Court be directed to close this case.

At Pensacola, Florida, this 17th day of March 2025.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.